IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| JESSE TRENTADUE,<br><br>                Plaintiff,<br><br>v.<br><br>UNITED STATES CENTRAL INTELLIGENCE AGENCY, et al.<br><br>                Defendants. | **MEMORANDUM DECISION AND ORDER SETTING EVIDENTIARY HEARING ON WITNESS TAMPERING ALLEGATIONS**<br><br>Case No. 2:08-cv-0788<br><br>Judge Clark Waddoups |

On August 25, 2014, the court heard oral argument on Plaintiff's Motion to Strike August 25, 2014 Hearing (Dkt. No. 191) and Defendant's Motion to Strike Dkt. Nos. 200 & 201 (Sworn Declarations of Plaintiff and Mr. Roger Charles in Support of Plaintiff's Motion to Strike August 25, 2014 Hearing) (Dkt. No. 203). Plaintiff represented himself *pro se* and Defendant FBI was represented by Kathryn L. Wyer and Adam C. Siple.

For the reasons stated on the record, the court GRANTS Plaintiff's Motion (Dkt. No. 191) and DENIES Defendant's Motion (Dkt. No. 203).

As explained by Plaintiff, his Motion to Strike was more in the nature of a motion to expand the evidentiary hearing to focus on individuals who apparently had contact with Mr. John Matthews, a witness whom Plaintiff had identified to be called during the recent bench trial by video conference but who declined to appear at the last moment. The court agrees that, with the information provided in the two sworn Declarations provided by Plaintiff, one of which by Plaintiff himself as an officer of the court, the current record at least permits a reasonable

1

inference of wrongdoing by Defendant or its agents in influencing Mr. Matthews not to testify, a problem addressed by Rule 804(b)(6) of the Federal Rules of Evidence, which is "a prophylactic rule to deal with abhorrent behavior 'which strikes at the heart of the system of justice itself.'" Fed. R. Evid. 804(b)(6), advisory committee's note (1997) (quoting *U.S. v. Mastrangelo*, 693 F.2d 269, 273 (2d Cir. 1982)). The current state of the record creates this ambiguity and necessitates the evidentiary hearing for which Plaintiff has moved so that the court can exercise its "ability . . . to protect the integrity of [its] proceedings." *Davis v. Washington*, 547 U.S. 813, 834 (2006).

Rule 804(b)(6) of the Federal Rules of Evidence, titled "Forefeiture by wrongdoing," codifies the long-standing "forfeiture doctrine" in the common law. *See Giles v. California*, 554 U.S. 353, 359-368 (2008) (reviewing the history of the forfeiture doctrine from its historical roots in *Lord Morley's Case*, 6 How. St. Tr. 769, 771 (H. L. 1666) to the present). Under the codified forfeiture doctrine, also referred to as "waiver by misconduct," *U.S. v. Cherry*, 217 F.3d 811, 815 (10th Cir. 2000), an unavailable witness's prior statement is not excluded by the rule against hearsay if it is a "statement offered against a party that wrongfully caused—or acquiesced in wrongfully causing—the declarant's unavailability as a witness, and did so intending that result." Fed. R. Evid. 804(b)(6).

In circumstances in which a witness is unavailable to testify at trial due to the alleged misconduct of one of the parties, an evidentiary hearing is appropriate to determine whether the party alleging misconduct can show, by a preponderance of the evidence, that the opposing party's wrongdoing made the witness unavailable. *Cherry*, 217 F.3d at 815 (citing Fed. R. Evid. 804(b)(6), advisory committee's note ("The usual Rule 104(a) preponderance of the evidence standard has been adopted in light of the behavior new Rule 804(b)(6) seeks to discourage.")).

The "behavior" the Rule "seeks to discourage"—the "wrongdoing" referred to in the Rule—is not explicitly defined in the Rule itself. *U.S. v. Scott*, 284 F.3d 758, 763 (7th Cir. 2002). But since "[t]he [advisory committee's] notes make clear that the rule applies to all parties, including the government," the "wrongdoing" referred to in the Rule is not limited to murder and physical assault used by a criminal defendant in preventing witnesses from testifying. *Id.* at 764. Rather, the Seventh Circuit held, and the court finds instructive, that "applying pressure on a potential witness not to testify, including by threats of harm and suggestions of future retribution, is wrongdoing" for purposes of the Rule. *Id.* (citing *Steele v. Taylor*, 684 F.2d 1193, 1201 (6th Cir. 1982) (noting that wrongful conduct includes the use of force and threats, and "persuasion and control" by a defendant)).

Because this is an evidentiary hearing conducted to resolve a "preliminary question" about whether evidence is admissible, "the court is not bound by evidence rules, except those on privilege," meaning that it may consider hearsay as it deems necessary to resolve the question. Fed. R. Evid. 104(a). As the D.C. Circuit has explained, "[t]here is, in any event, no bar to partial reliance on hearsay for such preliminary decisions." *U.S. v. White*, 116 F.3d 903, 914 (D.C. Cir. 1997). "Because a judge, unlike a jury, can bring considerable experience and knowledge to bear on the issue of how much weight to give to the evidence . . . it is within the judge's discretion to admit hearsay evidence that has at least some degree of reliability." *Id.* Thus, Plaintiff's and Mr. Charles's sworn Declarations need not be stricken for purposes of this determination on the basis that they contain hearsay, particularly in light of other indicia of reliability in them, such as reference to the details surrounding specific conversations and communications (including, for example, the date and means of the communications) with Mr. Matthews. Moreover, because "the standard of reliability and trustworthiness should be relaxed when the defendants are at fault

in causing the unavailability of the witness . . . [t]he evidence admitted as a result of such wrongful conduct includes uncross-examined statements such as grand jury testimony *and prior extra-judicial statements*, as well as cross-examined statements such as depositions and former testimony." *Steele*, 684 F.2d at 1201 (emphasis added).

By contrast, at least on the record as it currently stands (which forms part of the justification for holding an evidentiary hearing to resolve this question of admissibility), the Seventh Circuit's logic in *Scott* is persuasive as to a lack of indicia of reliability in Matthews' email of August 2, 2014 (Dkt. No. 191-10):

> It seems almost certain that, in a case involving coercion or threats, a witness who refuses to testify at trial will not testify to the actions procuring his or her unavailability. It would not serve the goal of Rule 804(b)(6) to hold that circumstantial evidence cannot support a finding of coercion. Were we to hold otherwise, defendants would have a perverse incentive to cover up wrongdoing with still more wrongdoing, to the loss of probative evidence at trial.

284 F.3d at 764. Mr. Matthews' email, relied upon by Defendant to counter Plaintiff's present allegations, is also hearsay and, in light of this logic in *Scott*, actually lacks indicia of reliability, under the present allegations, that are present with regard to his contradictory hearsay statements that appear in Plaintiff's and Mr. Charles's sworn Declarations. (*See, e.g.* Decl. Jesse Trentadue ¶¶ 12-13 [Dkt. No. 201].) An evidentiary hearing will allow cross-examination of those people with whom Mr. Matthews communicated about his upcoming trial testimony and his decision not to testify, such as Agent Adam Quirk, and Plaintiff and Mr. Charles, and will give Defendant, in its discretion, the opportunity to investigate the involvement of Mr. Don Jarrett, as mentioned in Mr. Matthews's August 2, 2014 email. (*See* Dkt. No. 191-10.)

The ultimate outcome of this unfortunate turn of events is the possible application of the Adverse Inference Rule against Defendant should the court find, at the conclusion of the evidentiary hearing, that Defendant has "wrongfully caused—or acquiesced in wrongfully

4

causing—[Mr. Matthews's] unavailability as a witness, and did so intending that result." Fed. R. Evid. 804(b)(6). This would have implications for Plaintiff's proffer of Mr. Matthews's testimony in the bench trial—possibly requiring, as Plaintiff has requested, the reopening of the bench trial "for the limited purpose of allowing Plaintiff to put into evidence his proffer as to what Matthews told him about PATCON" (Pl.'s Resp. Def.'s Mot. Strike 11 [Dkt. No. 210])— because, under the Adverse Inference Rule, "[a]n attempt by a litigant to persuade a witness not to testify is properly admissible against him as an indication of his own belief that his claim is weak or unfounded or false." *Ty Inc. v. Softbelly's Inc.*, 353 F.3d 528, 534 (7th Cir. 2003). In the Tenth Circuit, as elsewhere, the Adverse Inference Rule may be invoked where "the evidence is available to the suppressing party, but not to the party seeking production [and] it appears that there has been actual suppression nor withholding of evidence." *Chem. Weapons Working Group v. U.S. Dep't of Def.*, 61 Fed. Appx. 556, 562-63 (10th Cir. 2003).

Accordingly, the court therefore GRANTS Plaintiff's motion to expand the nature of the requested evidentiary hearing (Dkt. No. 191) and DENIES Defendant's Motion to Strike Plaintiff's and Mr. Charles's Declarations (Dkt. No. 203). The evidentiary hearing is set for November 13, 2014 at 10:00 a.m., with the possibility of extending to November 14, 2014, if necessary. Defendant shall conduct an investigation of any communications between the FBI and Mr. Matthews, or others acting at the behest of the FBI, including ascertaining what documents have been created relating to such communication and make a report to the court sufficiently in advance of the hearing so that Plaintiff can prepare subpoenas, if necessary, and prepare document requests. The court stresses that it wishes to resolve this issue based on the testimony and evidence offered at the evidentiary hearing. The parties will have an opportunity for briefing and oral argument in a separate hearing following the evidentiary hearing.

SO ORDERED this 26th day of August, 2014.

                                                BY THE COURT:

                                                _____
                                                Clark Waddoups
                                                United States District Judge